The judgment of the court was pronounced by
Eustis, C. J.
This is a suit in which the plaintiff, a woman of color, sues for her freedom and that of her four children.
The defendant, who is the administrator of the estate of James Read, late of Adams county, Mississippi, hired out the plaintiffs to A. S. Britton, in the State of Mississippi, to be employed at labor in the parish of Concordia in this State.
The freedom of the plaintiffs is claimed under an act of emancipation executed by their former master, James Read, in the State of Ohio, in the year 1846. The district court decided in favor of the plaintiffs; and from this judgment the defendant has appealed.
The domicil of James Read was in Adams county, Mississippi, where his succession was opened, and the status of the plaintiffs under the state of facts exhibited, can be determined under no other laws than those of Mississippi. They were born slaves, and it is in evidence that Read took them from his domicil in Mississippi to Ohio, for the purpose of liberating them from slavery, and, after having executed the act of emancipation in Ohio, returned with them to his place of residence in Mississippi. Was the status of the plaintiffs changed by this fact, according to the laws of Mississippi ?
In the case of Hinds v. Brazeale, 2 Howard’s Rep. 837, a principle is settled which controls this case. B. left the State of Mississippi for Ohio, and took with him a slave woman and her son for the purpose of emancipating them, and with the intention to bring them back; after having executed the act of emancipation, he returned with the slaves to the State where he resided until the time of his death. In his will he recited the act of emancipation, and declared his intention to ratify it; he devised his property to the emancipated son of the woman, whom he stated to be his own son. It was held, that the deed of emancipation was void, being a contract made in Ohio, in violation and fraud of the laws of Mississippi, and calculated to injure the State and its citizens, and set a dangerous example, since no owner could emancipate his slave, except by proper deed or will, and proof of meritorious services to the Legislature, which must ratify the emancipation. See the case of Cole v. Lucas, 2d Ann. 953. Judgment of Sir William Scott, in the case of the slave Grace, 2Hazzard Rep. 94.
The judgment of the district court is therefore reversed, and judgment rendered for the defendant, with costs in both courts.